[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue here is whether the defendants' motion to strike Count Two of the plaintiffs' complaint and section b of the plaintiffs' prayer for relief should be stricken.
On January 28, 1998, the plaintiffs, Marjorie and William Ashmore, filed a six count complaint against Catherine and Michael O'Hanlon, New Hampshire Insurance Company, Amica Mutual Insurance Company and Connecticut Light and Power/Northeast Utilities.
Count One sounds in negligence and Count Two is a §14-295 recklessness claim. Section b of the plaintiffs' prayer for relief seeks double or treble damages pursuant to § 14-295. This action arose from an automobile accident that occurred between William Ashmore and Catherine O'Hanlon. Catherine O'Hanlon was driving Michael O'Hanlon's automobile at the time of the accident.
On March 19, 1998, Catherine and Michael O'Hanlon filed a motion to strike Count Two of Marjorie and William Ashmore's (plaintiffs) complaint. Catherine and Michael O'Hanlon argue that the plaintiffs have failed to state a cause of action upon which relief may be granted. Specifically, Catherine and Michael O'Hanlon argue that the plaintiffs have re-characterized their negligence claim in Count One as a recklessness claim in Count Two.
The plaintiffs counter that Count Two sufficiently states a claim for recklessness pursuant to General Statutes § 14-295.
"A split of authority exists in the superior courts as to the CT Page 5524 degree of specificity required when alleging a cause of action in recklessness pursuant to § 14-295." Castillo v. Caporani,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Ballen, J.).[1] Some superior courts require plaintiff to allege specific reckless acts when pleading a claim pursuant to § 14-295. See, e.g.,Pitka v. Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 15, 1994, Austin, J.). Other superior courts have held "that to sufficiently allege a cause of action under § 14-295, the plaintiff need only plead that the defendant has violated one of the enumerated statutory provisions and that such violation was a substantial factor in causing the plaintiff's injury." Castillo v. Caporani, supra, Superior Court, Docket No. 329702.
"The plain language of § 14-295 favors the more liberal pleading requirements articulated in Spencer v. King, [Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) and Castillo v.Caporani, supra,] and the line of cases in accord with that decision." Bavolacco v. Medalis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324479 (September 14, 1995, Ballen, J.). The court adopts the "more liberal" pleading requirement.
In Count Two, the plaintiffs allege that Catherine O'Hanlon recklessly drove her car in violation of General Statutes Sections 14-218a, 14-222 and 14-230. These sections are enumerated in General Statutes § 14-295. The plaintiffs also alleged in Count Two that these statutory violations were a substantial factor in causing William Ashmore's injuries.
Therefore, the plaintiffs sufficiently plead a recklessness claim pursuant to § 14-295.
Defendants' motion to strike Count Two of the plaintiffs' complaint and section b of the plaintiffs' prayer for relief is denied.
KULAWIZ, J.